FILED

2012 Sep-17  PM 12:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY CO., | ) ) ) | |
| **Plaintiff,** | ) ) | |
| vs. | ) ) | Civil Action No. 5:11-CV-01084-CLS |
| MELANIE EZZELL; SEAN FUNGAFAT; MYNAMO, INC., | ) ) ) | |
| **Defendants**. | ) ) | |

## MEMORANDUM OPINION AND ORDER

State Farm Fire and Casualty Company ("State Farm") seeks a declaratory judgment determining its duty to defend or indemnify Mynamo, Incorporated ("Mynamo") under the terms of a liability insurance policy in connection with the claims alleged in a state court action styled *Melanie Ezzell and Sean Fungafat v. Mynamo, Inc.*, CV-2010-901445 (Cir. Ct. Madison County, Ala.).[1]  The state plaintiffs alleged that Mynamo's previous tenants had used a townhouse owned by Mynamo to manufacture methamphetamine, and that Mynamo failed to decontaminate that townhouse before re-renting the premises to Ezzell and Fungafat.[2]

---

[1] Doc. no. 1 (Complaint filed March 25, 2011) ¶ 13.

[2] *Id.* ¶ 10-11.

On May 26, 2011, State Farm filed a summary judgment motion.[3]  Instead of filing an opposition to the motion, Mynamo filed a motion to stay or dismiss the case or, in the alternative, for leave to conduct full discovery and extend the standard briefing schedule.[4]  In response, State Farm filed a motion to strike the supporting affidavit of Mynamo President Mohammed Ariinejad,[5] which described the discovery that Myanmo would need.[6]  Meanwhile, Ezzell and Fungafat amended their state complaint to incorporate additional parties and claims.[7]  As a result, State Farm also filed a motion to amend its complaint to reflect those changes.[8]  This court is ready to rule on all four motions.

## I. DISCUSSION

Federal Rule of Civil Procedure 15(a) requires a court to freely grant leave to amend a complaint "when justice so requires."  The United States Supreme Court has interpreted this rule to mean that,

---

[3] Doc. no. 12 (Plaintiff's Motion for Summary Judgment).

[4] Doc. no. 15 (Defendant's Motion to Stay or Dismiss or, in the Alternative, Motion for Relief Pursuant to Fed. R. Civ. P. 56(e)).  Later, Mynamo stated that defendant erroneously captioned that motion as one for relief under Rule 56(e) and instead sought relief under Rule 56(d). Doc. no. 20 (Defendant's Response in Opposition to Plaintiff's Motion to Strike Affidavit of Mohammed Ariinejad), at 1 n.1.

[5] Doc. no. 17 (Plaintiff's Motion to Strike Affidavit of Mohammed Ariinejad).

[6] Doc. no. 15-1 (Affidavit of Mohammed Ariinejad).

[7] Doc. no. 28 (Plaintiff's Motion for Leave to File First Amended Complaint) ¶ 7-8.

[8] *Id.*

> [i]n the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given."

*Rosen v. TRW, Inc.*, 979 F.2d 191, 194 (11th Cir. 1992) (citing *Foman v. Davis*, 371 U.S. 178, 230 (1962)) (alteration supplied).

As State Farm seeks to determine its duties under a policy in connection with the claims alleged in a state action, the complaint in this action should reflect the complaint in the underlying action in order to avoid piecemeal litigation and allow this court to adjudicate the issues for all parties and claims at once.   Indeed, Mynamo's so-called "Response . . . in Limited Opposition" admits that Mynamo "has no substantive opposition to State Farm submitting an amended complaint."[9]  Because there is no evidence of undue delay, bad faith, or other grounds for denying leave to amend, this court sees no reason not to grant the motion.

Once State Farm amends its complaint to add new parties and claims, it will moot the remaining three motions.  As a result, this court will deny without prejudice (1) State Farm's motion for summary judgment; (2) Mynamo's motion to stay or dismiss the case or, in the alternative, for leave to conduct full discovery and extend

---

[9] Doc. no. 29 (Defendant's Response in Limited Opposition to Plaintiff's Motion to Amend) ¶ 5.

the standard briefing schedule; and (3) State Farm's motion to strike the Ariinejad affidavit.  This will allow State Farm to re-file its summary judgment motion to reflect its first amended complaint, and Mynamo to re-file its motion requesting a stay and various other forms of relief in response to State Farm's motion.

In the event that the parties do decide to re-file their motions, this court would like to note that "[a]n insurance company's duty to defend its insured from suit is determined *by the language of the insurance policy and by the allegations in the complaint filed against the insured*."  *Allstate Indem. Co. v. Lewis*, 985 F. Supp. 1341, 1344 (M.D. Ala. 1997) (citing *ALFA Mut. Ins. Co. v. Morrison*, 613 So. 2d 381, 382 (Ala. 1993); *Ladner & Co. v. Southern Guaranty Ins. Co.*, 347 So. 2d 100, 102 (Ala. 1977)) (alteration and emphasis supplied).

In contrast, "the duty to indemnify is not ripe for adjudication *until the insured is in fact held liable in the underlying suit*."  *Nationwide Insurance v. Zavalis*, 52 F.3d 689, 693 (7th Cir. 1995) (citing *Heffernan & Co. v. Hartford Ins. Co.*, 614 A.2d 295, 298 (Pa. Super. 1992); *United Services Auto. Asso. v. Elitzky*, 517 A.2d 982, 992 (Pa. Super. 1986)) (emphasis supplied).

## II. CONCLUSION

This court hereby GRANTS State Farm's essentially unopposed motion to amend the complaint; DENIES WITHOUT PREJUDICE State Farm's motion for

4

summary judgment; DENIES WITHOUT PREJUDICE  Mynamo's motion to stay or dismiss the case or, in the alternative, for leave to conduct full discovery and extend the standard briefing schedule; and DENIES WITHOUT PREJUDICE  State Farm's motion to strike the Ariinejad affidavit.

DONE and ORDERED this 17th day of September, 2012.

United States District Judge